1    Law Offices of Peter L. Kutrubes
     Peter L. Kutrubes, SBN 176024
2    Stephen P. Lin, SBN 201150
     590 Lennon Lane, Suite 180
3    Walnut Creek, California 94598
     Telephone: (925) 939-9600
4    Facsimile: (925) 256-7660

5
     Attorneys for Plaintiff Paul Christensen
6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10   Paul Christensen                      )    Case No.:
                                           )
          Plaintiff,                       )    EX PARTE PETITION AND
11                                         )    MEMORANDUM OF POINTS AND
     Vs.                                   )    AUTHORITIES IN SUPPORT OF PETITION
12                                         )    TO RESTRAIN DEFENDANTS'
                                           )    FORECLOSURE SALE OF PLAINTIFF'S
13   JP Morgan Chase Bank, N.A., The Bank of )  HOME
     New York Mellon Trust Co., N.A. f/k/a The )
14   Bank of New York Trust Co., N.A., as trustee )
     for Chase Mortgage Finance Trust Multi- )  Time:  9:00 a.m.
15   Class Mortgage Pass-Through Certificates )  Date:  March 1, 2016
     Series 2007-A3, And Does 1 Through 25, )   Dept.:  TBD
16                                         )
                                           )
17        Defendants.                      )
                                           )
18                                         )
                                           )
19                                         )

20

21   1.      Plaintiff Paul Christensen owns real property commonly known as and located at 3095

22   Willow Road, Kelseyville, California 95451.

23   2.      In or about 2007 Plaintiff borrowed approximately $916,000 from JP Morgan Chase

     Bank, N.A., both as the lender and servicer of Plaintiff's loan.  Defendant JP Morgan Chase has
24
     essentially alleged that it assigned all interest in Plaintiff's loan to The Bank of New York
25
     Mellon Trust Co., N.A. f/k/a The Bank of New York Trust Co., N.A., as trustee for Chase

     EX PARTE PETITION - 1                        Peter L. Kutrubes, Attorney At Law
                                                    590 Lennon Lane, Suite 180
                                                   Walnut Creek, California 94598
                                                   Telephone No. (925) 939-9600
                                                   Facsimile No. (925) 256-7660

Mortgage Finance Trust Multi- Class Mortgage Pass-Through Certificates Series 2007-A3 (hereafter "Defendant Mellon Bank"). Defendant Mellon Bank has failed to produce any assignment and no assignment was ever recorded on the history of Plaintiff real property title. In addition, although no assignment of interest is on record, Defendant Chase has admitted that it has assigned its right and interest away on the Deed of Trust executed by Plaintiff, and therefore, it has no standing to demand payment from Plaintiff or foreclose against Plaintiff's home.

3.      The Notice of Foreclosure, Notice of Default and all relevant documentation relating to Plaintiff's foreclosure sale identify Defendant Chase as the only beneficiary of the deed of trust, despite the foregoing statements Defendant Chase has made, declaring it has assigned its interest in Plaintiff's mortgage away.

4.      The current mortgage balance allegedly owed to Defendant Chase is approximately **$1,062,155** (not including arrears in interest which have accumulated to date). This loan was obtained under circumstances and conditions that Plaintiff later discovered were essentially predatory and fraudulent.

5.      Plaintiff had a high credit score when he applied for his mortgage from Defendant Chase. However, the mortgage he obtained was in fact subprime because he received the mortgage based on "stated income." Plaintiff did not discover the true nature of his mortgage loan until recently.

6.      Among other factors that support the illegality of Plaintiff's mortgage and fraud, Defendant Bank did not conduct the necessary due diligence to ensure that the Plaintiff could afford the mortgage loans over the full duration of the loans. In addition, Defendant Bank abused standard income guidelines and stretched the income level of Plaintiff, using "stated" income figures exceeding one hundred sixty-five percent (165%) of Plaintiff's actual income, in order to more easily qualify Plaintiff for the home loan. As a result, the final loan terms were egregious and predatory, with an initial "teaser" interest only payment. These initial payments were in fact partial interest payments that did not even pay for all of the interest accrued on a

EX PARTE PETITION - 2

Peter L. Kutrubes, Attorney At Law
590 Lennon Lane, Suite 180
Walnut Creek, California 94598
Telephone No. (925) 939-9600
Facsimile No. (925) 256-7660

1  monthly basis.  Whatever interest was not paid by Plaintiff's minimum payment, the unpaid

2  interest would be added to Plaintiff's principal, thereby causing negative amortization.

3  7.    Had Defendants not concealed the fact that the fully amortized interest payments (not to

4  mention the principal and interest payments) were far in excess of Plaintiff's ability to afford at

5  their present, stated income level, Plaintiff would never have refinanced this real property.

6  8.    Had Defendants not concealed the negative amortization feature of Plaintiff's loan,

7  Plaintiff would also not have obtained this loan.

8  9.    When Plaintiff realize that he was suffering hardship due to Defendants' loan, Plaintiff

9  applied for a loan modification due to financial hardship and inability to afford the predatory

10  loan given to him by Defendants, as described in the above paragraphs.   Plaintiff's hardship was

11  well documented since his income was reduced.  However, since in or about June of 2013, when

12  Plaintiff applied for the loan modification, Defendants have failed to approve or deny the request

13  for loan modification.  In fact, Defendant Banks have ignored Plaintiff's repeated calls and

14  requests to get a loan modification processed and approved. Defendant Bank failed to consider

15  all of Plaintiff's documents regarding his income and hardship.  Instead, Defendants are now

16  attempting to foreclose on Plaintiff's home, and they have scheduled an **imminent foreclosure auction, on March 1, 2016.**

17  10.    Defendants, and each one of them, have held themselves out to Plaintiff to extend

18  reasonable and legal loan terms to Plaintiff after conducting the requisite due diligence in

19  qualifying Plaintiff for a prime rate loan when he purchased this home in 2007.  At the time,

20  adjustable rates for prime loans were between 4% and 5%.  Plaintiff's fully amortized rate was

21  approximately 7%.

22  11.    Defendants also represented that due to Plaintiff's credit, Plaintiff would receive a prime

23  loan, not a subprime loan.

24  12.    When the loan finally closed, Plaintiff had a loan that he could not afford and it was only

25  a matter of time that Plaintiff had to refinance, sell or lose his property to foreclosure.

EX PARTE PETITION - 3

Peter L. Kutrubes, Attorney At Law
590 Lennon Lane, Suite 180
Walnut Creek, California 94598
Telephone No. (925) 939-9600
Facsimile No. (925) 256-7660

1    13.    Plaintiff reasonably relied on Defendant Banks and their agents to give him a fair and

2    legal loan.  Instead, he received a loan that he could not afford or pay off no matter how hard he

3    worked during even longer than normal lifetime.

4    14.    Plaintiff has reasonably relied on Defendant Banks' representations to his detriment.  Had

5    Defendant not subjected Plaintiff to a fraudulent and predatory loan, with financially coercive

6    provisions, Plaintiff would have been able to take action to save this home, or never would have

7    obtained this predatory loan from Defendant Bank in the first place.

8    15.    Because Plaintiff relied of Defendant Chase's representations, particularly those

     representations of good faith, Plaintiff is about to lose this home.

9

10   16.    In addition, Defendants, and each one of them, held themselves out to Plaintiff to extend

11   reasonable opportunity to Plaintiff to properly process and grant loan modifications under

     federally subsidized loan modification programs.

12

13   17.    Pursuant to the application, Plaintiff diligently assembled and submitted, many times,

14   over and over again, all documents requested by Defendants to perform and properly process

15   Plaintiff's loan modification request.  However, after almost three (3) years of Defendants'

16   inability and inactivity in processing Plaintiff's request for loan modification, it became

17   abundantly clear that Defendants have not been acting in good faith.

18   18.    Even as the **foreclosure sale** is approaching on **March 1, 2016**, Plaintiff has made many

19   telephone calls to Defendant Banks confirming the processing of Plaintiff's loan modification

20   and confirming the fact that Plaintiff has submitted all necessary documents to process the loan

21   modification.

22   19.    This loan modification process has caused Plaintiff great delay and false security that

23   Defendants would properly process and grant Plaintiff's loan modification and prevent his home

24   from being foreclosed.

25

EX PARTE PETITION - 4                                       Peter L. Kutrubes, Attorney At Law
                                                                 590 Lennon Lane, Suite 180
                                                                Walnut Creek, California 94598
                                                                 Telephone No. (925) 939-9600
                                                                 Facsimile No. (925) 256-7660

20.     Instead, because of Defendant Banks' numerous and intentional delays, Plaintiff has been prevented from taking different action to prevent the foreclosure of his home as he detrimentally relied of Defendant Banks' representations.

21.     Because Plaintiff has relied on Defendant's representations, particularly those representations of good faith, Plaintiff is about to lose his home.

22.     In addition, Defendants have failed to follow proper and legal procedures to foreclose upon Plaintiff's home.

23.     According to California Civil Code Section 2924b, Defendant Chase must follow the proper procedure to foreclose upon Plaintiff's real property.  Defendant Chase has failed to do so.  The Notice of Default was issued on in or about early 2015.  Since that time, Defendant Chase has cancelled the foreclosure sale several times.  Although Defendant Chase, by and through California Reconveyance Company, has re-noticed its foreclosure sale several times in the last few months, no new Notice of Default was ever issued after the cancellation of the foreclosure sale(s).  Accordingly, Defendant Chase's attempts to proceed with the foreclosure sale is wrongful and incorrect, and must be rescinded.

24.     Due to Defendants' fraud, predatory lending practices, and misrepresentations, lack of standing due to improper assignments, and improper following of Civil Code 2924b, Plaintiff will lose this real property on **March 1, 2016 at 1:00 p.m.**  The loss of Plaintiff's home will represent an irreparable injury to Plaintiff, as his real estate, Plaintiff's home, is unique under the law.  No monetary damages will replace Plaintiff's home.

25.     Plaintiff has invested large sums of money into this real property, such investment that would not have occurred had Defendants (1) properly disclosed the true nature of their loan and (2) properly modified Plaintiff's loan.

26.     Plaintiff hereby petitions the court on an *ex parte* basis to seek an order for a **Temporary Restraining Order** against Defendants from selling Plaintiff's house at auction on **March 1,**

EX PARTE PETITION - 5

1    **2016** until this matter can be fully litigated.   Plaintiff will suffer irreparable harm if the

2    foreclosure occurs on **March 1, 2016** because his real estate is unique.

3

4

5    Dated: February 29, 2016

6                                                                    Respectfully submitted,

7                                                                    LAW OFFICES OF PETER L. KUTRUBES

8                                                                    */s/ Stephen P. Lin*

9                                                                    Stephen P. Lin, Of Counsel
                                                                     Attorneys for Plaintiff,
10                                                                   Paul Christensen

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EX PARTE PETITION - 6                                   Peter L. Kutrubes,  Attorney At Law
                                                        590 Lennon Lane, Suite 180
                                                        Walnut Creek, California 94598
                                                        Telephone No. (925) 939-9600
                                                        Facsimile No. (925) 256-7660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## **VERIFICATION**

I, Paul Christensen, hereby declare that the facts stated in the foregoing *ex parte* petition are true of my own knowledge.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


__2/29/16_____                              ___/s/ *Paul Christensen*_____
DATE                                                          Paul Christensen

EX PARTE PETITION - 7

Peter L. Kutrubes, Attorney At Law
590 Lennon Lane, Suite 180
Walnut Creek, California 94598
Telephone No. (925) 939-9600
Facsimile No. (925) 256-7660