1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6

7   PAUL CHRISTENSEN,
8                   Plaintiff,                    Case No. 16-cv-0976-PJH
9         v.                                       **ORDER DENYING PETITION TO
                                                   RESTRAIN FORECLOSURE SALE**
10  JP MORGAN CHASE BANK NA, et al.,
11                  Defendants.
12  _____
13

14        On March 30, 2016, plaintiff Paul Christensen ("plaintiff") filed his second "ex parte

15  petition and memorandum of points and authorities in support of petition to restrain

16  defendants' foreclosure sale of plaintiff's home."[1]  Because the court does not issue

17  restraining orders without notice to the other party absent the circumstances set forth in

18  Federal Rule of Civil Procedure 65(b)(1) (which were not met in this case), the court

19  ordered plaintiff to serve a copy of the petition upon defendants, and also set dates for an

20  opposition brief and for a hearing.

21        On March 31, 2016, plaintiff filed a proof of service indicating that his counsel had

22  served, via fax, the petition for a restraining order and the complaint.  See Dkt. 12.  The

23  proof of service also stated "fax confirmation pages on file," though no confirmation

24  pages were actually filed with the court.  Id. at 2.  In a previous declaration, plaintiff's

25

_____

26  [1] Plaintiff's first petition was filed on February 29, 2016.  On the same day, the court
    ordered that the petition be served on defendants by noon on March 1, 2016, to be
27  followed by a hearing on March 2, 2016.  On March 1, 2016, plaintiff withdrew his petition
    because he had filed a petition for Chapter 11 bankruptcy and had obtained an automatic
28  stay of the foreclosure sale.  See Dkt. 9.

*United States District Court*
*Northern District of California*

1    counsel stated both that he "served the agents for service of process for defendants," and

2    also that he "received defendants' facsimile number" from "defendants' customer service

3    phone number that is posted on defendants' website and through defendant's agent for

4    process of service which I located through the Secretary of State of California." <u>See</u> Dkt.

5    10-2.  This declaration is unclear as to whether service was effected upon defendants

6    themselves or upon defendants' agents for service of process – and moreover, plaintiff

7    provides no indication that defendants (or its agents) consented to service by fax, as

8    required by Federal Rule of Civil Procedure 5(b)(2).

9         At the hearing on April 5, 2016, an attorney named Scott Peebles appeared on

10   plaintiff's behalf.  He is not counsel of record, but was making what he referred to as a

11   "special appearance" because Peter Kutrubes was out of town.  No explanation was

12   offered for the non-appearance of Stephen Lin, who signed the ex parte petition and

13   submitted a declaration in support thereof.  In any event, Mr. Peebles could not answer

14   the court's questions regarding the adequacy of the service of process, nor why an

15   appropriate declaration was not filed per Rule 65(b)(1) if service were to be excused.  In

16   short, plaintiff has not shown that service was adequate, and for that reason alone, his

17   petition must be DENIED.

18        Additionally, even putting aside the deficiencies with respect to service, plaintiff's

19   papers do not even attempt to meet the legal standard for temporary restraining orders –

20   namely, that plaintiff is likely to succeed on the merits, that he is likely to suffer

21   irreparable harm in the absence of preliminary relief, that the balance of equities tips in

22   his favor, and that an injunction is in the public interest.  <u>Winter v. Natural Resources</u>

23   <u>Defense Council, Inc.</u>, 129 S.Ct. 365, 374 (2008); <u>see also</u> <u>Stuhlbarg Int'l Sales Co., Inc.</u>

24   <u>v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (applying the

25   preliminary injunction standard to TROs).  Plaintiff's "memorandum of points and

26   authorities" contains neither points nor authorities; there is no discussion of the relevant

27   legal standard, nor any attempt to explain why he is likely to succeed on the merits of any

28   of the seven causes of action asserted in the complaint.  Accordingly, putting aside the

United States District Court
Northern District of California

service deficiencies and evaluating the merits of plaintiff's request, the petition must be DENIED.

   **IT IS SO ORDERED.**

Dated:  April 5, 2016

_____

PHYLLIS J. HAMILTON
United States District Judge