UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL CHRISTENSEN,

    Plaintiff,

    v.

JP MORGAN CHASE BANK NA, et al.,

    Defendants.

Case No. 16-cv-00976-PJH

**ORDER DISMISSING CASE WITH PREJUDICE**

Re: Dkt. No. 33

Before the court is defendants' motion to dismiss the complaint. Dkt. 33. Plaintiff Paul Christensen has not responded to the motion or requested an extension of time, and the deadline for responding has passed. See L.R. 7-3(a); Dkt. 36. Accordingly, the hearing set for October 26, 2016 is VACATED. Having read the defendants' papers and good cause appearing, the court GRANTS the motion, and dismisses the case with prejudice.

**BACKGROUND**

This is home foreclosure case, with federal jurisdiction based on diversity, in which Christensen seeks to avoid a foreclosure sale of 3095 Willow Road, Kelseysille, CA (the "Property"), following his 2011 default. The two named defendants are JPMorgan Chase Bank NA ("Chase") and Bank of New York Mellon Trust Co. N.A. ("BNY"). Chase was the original holder of the deed of trust for Christensen's loan, which was secured by the Property; the deed was subsequently assigned to BNY. See Compl. ¶ 20; Dkt. 34 Exs. A–B.[1]  The complaint, filed on February 29, 2016, asserts seven causes of action based

---

[1] Defendants have filed a request for judicial notice of certain documents in support of their motion. Dkt. 34. As these documents are all either public records or records from judicial proceedings in state court, the court GRANTS the request and takes notice of the documents.

on various alleged problems with the origination of Christensen's home loan in 2007 and, in particular, the defendants' failure to approve his loan modification request in 2010. Compl. ¶¶ 27–33.

On April 5, 2016, the court held a hearing regarding plaintiff's ex parte motion to restrain a foreclosure sale. The court denied the motion because plaintiff's attorney "could not answer the court's questions regarding the adequacy of the service of process, nor why an appropriate declaration was not filed per Rule 65(b)(1) if service were to be excused." Dkt. 16 at 2. Moreover, "even putting aside the deficiencies with respect to service, plaintiff's papers do not even attempt to meet the legal standard for temporary restraining orders." Id.

At a September 8 case management conference, the court set a hearing date and briefing schedule for defendants' motion to dismiss. Dkt. 32. In compliance with the court's order, defendants filed their motion on September 21. Dkt. 33. Plaintiff's response to the motion was due by October 5, in accordance with the court's order and the Local Rules. To date, no response has been filed.

Although plaintiff's non-response would be sufficient grounds to support dismissal,[2] the court has reviewed the papers and dismisses on the merits.

## DISCUSSION

Defendants' motion to dismiss asserts several bases for dismissal, including that: (1) the complaint is barred by res judicata (in particular, claim preclusion); and (2) all of plaintiff's claims are time-barred. Because the court finds that these two grounds are meritorious, it declines to consider defendants' other arguments for dismissal.

**A.    Legal Standards**

**1.    Res Judicata**

A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6). See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.

---

[2] Because the deadline to respond was set by the court, dismissal would be proper per Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

2

1984). Under 28 U.S.C. § 1738, federal courts are required to give full faith and credit to state court judgments. San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336 (2005); Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009). To determine the preclusive effect of a state court judgment, federal courts look to state law. Heinrichs v. Valley View Development, 474 F.3d 609, 615 (9th Cir. 2007).

In California, res judicata describes the preclusive effect of a final judgment on the merits, and can take the form of "issue preclusion" or "claim preclusion." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896-97 (2002). Claim preclusion prevents "relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." Mycogen, 28 Cal. 4th at 896. A claim is barred by claim preclusion if three requirements are met: "(1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009).

**2.    Statutes of Limitation**

Plaintiff's complaint asserts seven causes of action: (1) deceit; (2) intentional misrepresentation; (3) fraud and deceit; (4) negligent misrepresentation; (5) negligence; (6) violation of California's Unfair Competition Law (the "UCL"); and (7) promissory estoppel. Compl. ¶¶ 119–209.

In California, the limitations period for negligence and negligent misrepresentation is two years. Yun Hee So v. Sook Ja Shin, 212 Cal. App. 4th 652, 662 (2013) (negligence); Ventura Cty. Nat. Bank v. Macker, 49 Cal. App. 4th 1528, 1531 (1996) (negligent misrepresentation). The limitations period for fraud, intentional misrepresentation, and promissory estoppel is three years. Cal. Civ. Proc. Code § 338(d); Ferguson v. JPMorgan Chase Bank, N.A., No. 2:14-CV-00328-KJM, 2014 WL 2118527, at *6 (E.D. Cal. May 21, 2014) (three-year statute of limitations for promissory estoppel when "the gravamen of the promissory estoppel claim is fraud"). The limitations

3

1  period for a UCL claim is four years.  Cal. Bus. & Prof. Code § 17208.

2  In order to toll a statute of limitations based on fraudulent concealment, the plaintiff
3  must establish "the substantive elements of fraud and an excuse for late discovery of the
4  facts.  The requisite showing is made when plaintiff establishes that he was not at fault
5  for failing to discover the cause of action and had no actual or presumptive knowledge of
6  the facts sufficient to put him on inquiry [notice]."  Snyder v. Boy Scouts of Am., Inc., 205
7  Cal. App. 3d 1318, 1323 (1988).

**B.    Analysis**

**1.    Plaintiff's Claims Are Precluded**

Defendants' argument for claim preclusion is a simple one:  this case involves exactly the same claims and parties as Case No. CV412881, filed in the Superior Court of California, Lake County, on March 7, 2013 ("the state court action").  See Dkt. 34 Ex. U.  Indeed, the complaint here is an almost a word-for-word copy, save for a few paragraphs, of Christensen's first amended complaint filed in the state court action on December 10, 2014.  Compare Dkt. 1 with Dkt. 34 Ex. X.  In particular, the state court complaint asserts the same seven causes of action, and names both Chase and BNY as defendants.  Dkt. 34 Ex. X at 6.  From all appearances, the current complaint appears to have been simply cut and pasted from the state court complaint; tellingly, the 2016 complaint itself describes a 2014 case as "very recent."  Compl. ¶ 173.

The state court action was litigated to a final judgment.   On April 13, 2015, the state court sustained a demurrer to Christensen's amended complaint, dismissed all seven claims, and entered judgment in favor of defendants.  Dkt. 34 Ex. Y–Z; see also Ex. W (state court docket).

Under these circumstances, there is no doubt that Christensen's claims are barred by res judicata.  The prior state court action involved precisely the same claims and the same parties, and was litigated to a final judgment on the merits.  All of the requirements for claim preclusion having been established, San Diego Police Officers' Ass'n, 568 F.3d at 734, dismissal of the complaint with prejudice is warranted.

### 2. Plaintiff's Claims Are Time-Barred

Plaintiff's complaint also must be dismissed because all of his claims are time-barred. As discussed above, the longest applicable statute of limitations period is four years. At the latest, Christensen's claims—which primarily concern the defendants' failure to provide a loan modification and to instead initiate foreclosure—accrued when default was recorded against him in February 14, 2011. Dkt. 34 Ex. E. Plaintiff's complaint was not filed in this court until over five years later. Because plaintiff was on notice of defendants' intent to foreclose by 2011, and has established no facts that would toll the applicable statute of limitations, all of his claims are time-barred.

## CONCLUSION

For the foregoing reasons, the court GRANTS the motion to dismiss, and dismisses the case WITH PREJUDICE. The clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 13, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge